IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREEM J. HOWELL,<br><br>  Plaintiff,<br><br>  v.<br><br>L. MARTINEZ, et al.,<br><br>  Defendants. | No. 2:19-CV-0545-DMC-P<br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is Plaintiff's complaint (ECF No. 1). Plaintiff alleges violations of his First and Eighth Amendment rights.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) L. Martinez, a social worker; (2) Hilliard, a psychologist; (3) Buckman, a recreational therapist; and (4) K. Morgan, a senior psychologist. The allegations outlined in the complaint may be summarized as follows:

After Plaintiff filed a grievance against the Mental Health Services (MHS) staff, Defendants withdrew Plaintiff's access from group and one-on-one therapy sessions and limited him to weekly cell-side sessions with Defendant Martinez. ECF No. 1, p. 7. Plaintiff asked to speak with the MHS supervisor, Defendant Morgan. However, Defendant Morgan sent Defendants Hilliard and Buckman to address Plaintiff's concerns instead. See id. at 7-8. Defendants Martinez, Hilliard, and Buckman indicated the decision to limit Plaintiff's access to certain MHS treatments was in response to Plaintiff's grievance report and to prevent Plaintiff from further "snitching" on MHS staff. Id. at 8. Plaintiff did not accept the cell-side sessions and, therefore, has received no treatments from MHS. Id. at 13.

Shortly after Defendants restricted Plaintiff's access to MHS, Plaintiff submitted a medical complaint. See id. at 9. However, the complaint was misdelivered and returned to Plaintiff by Defendant Martinez. See id. Defendant Martinez told Plaintiff to begin filing his complaints to his transferring institution, and correctional officers had been informed to "check the medical forms." Id. Plaintiff resubmitted his medical complaint, but the Appeals Board never received a copy. Plaintiff alleges this "clearly" establishes Defendants are intercepting Plaintiff's outgoing mail to stop him from filing further grievances. Id. at 10.

///

**II.  DISCUSSION**

Plaintiff alleges the following claims: (1) Defendants violated Plaintiff's First Amendment rights by limiting his access to MHS in retaliation against his grievance report; and (2) Defendants, by limiting Plaintiff's access to MHS, were deliberately indifferent to Plaintiff's mental health in violation of his Eighth Amendment rights.

The court identifies two retaliatory acts capable of supporting Plaintiff's retaliation claim: the alleged denial of group and one-on-one therapy sessions and the interception of Plaintiff's medical complaint.  While the court finds the complaint sufficiently alleges a First Amendment claim against all Defendants with regards to Plaintiff's access to therapy, there are insufficient allegations to support a claim against Defendants Buckman, Hilliard, and Morgan for intercepting his medical complaint.  Furthermore, the court holds Plaintiff's Eighth Amendment claim insufficiently demonstrates Defendants were deliberately indifferent to Plaintiff's mental health.  Plaintiff will be given an opportunity to amend his claims.

**A.     First Amendment - Retaliation Claim**

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security.  See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam).  In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right.  See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989).  The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct.  See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005).  Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose.  See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in <u>Rhodes</u> observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." <u>Id.</u> at n.11. By way of example, the court cited <u>Pratt</u> in which a retaliation claim had been decided without discussing chilling. <u>See id.</u> This citation is somewhat confusing in that the court in <u>Pratt</u> had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. <u>See Pratt</u>, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," <u>id.</u> at 567-68, <u>see also Resnick</u>, 213 F.3d at 449, the comment in <u>Rhodes</u> at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of <u>Rhodes</u> is correct, the chilling effect element is essentially subsumed by adverse action.

Here, the court identifies two possible retaliatory acts in Plaintiff's complaint: (1) the denial of group and one-on-one therapy sessions, and (2) the interception of Plaintiff's medical report. The court addresses each of these in turn and holds Plaintiff states a cognizable claim against Defendants for denying him certain therapy options. Plaintiff also states a cognizable claim against Defendant Martinez for intercepting his medical report but fails to state a claim against the remaining Defendants.

1. <u>Failure to Provide One-on-One and Group Therapy Sessions</u>

To the extent Plaintiff alleges Defendants retaliated against his grievance report by denying him access to group and one-on-one therapy sessions, his claim is sufficient for service. Plaintiff satisfies the first element of a First Amendment retaliation claim because he alleges all Defendants denied him access to one-on-one and group therapy, which is an adverse action against Plaintiff. The complaint also satisfies the second element because Defendants Martinez, Hilliard, and Buckman allegedly explained the restrictions were in response to Plaintiff's grievance, a protected conduct. The court also finds Defendants' alleged adverse actions satisfy the chilling requirement under <u>Rhodes</u>. Furthermore, the complaint sufficiently establishes Defendants' actions lacked a legitimate penological interest. Thus, Plaintiff adequately alleges a

4

retaliation claim against Defendants Martinez, Hilliard, and Buckman. The remaining question is whether their supervisor, Defendant Morgan, is also liable for violating Plaintiff's First Amendment rights.

Plaintiff's retaliation claim is also sufficient against Defendant Morgan. Although Defendant Morgan held a supervisory role, which in and of itself is insufficient to support a claim under § 1983, Plaintiff's allegations plausibly establish Defendant Morgan was part of the decision to limit Plaintiff to cell-side sessions and knew of her subordinates' actions. Plaintiff also did not receive treatment from Defendant Morgan. Thus, Plaintiff sufficiently asserts liability based on Defendant Morgan's personal failure to treat Plaintiff as well as her failure to intervene as a supervisor.

2. Interference with Grievance Process

To the extent Plaintiff alleges Defendants retaliated against his First Amendment right to file grievances by intercepting his medical complaint, he fails to state a cognizable claim *except* against Defendant Martinez. Plaintiff's complaint permits the inference that Defendant Martinez directed correctional officers to intercept Plaintiff's medical complaint, which is an adverse action taken against Plaintiff's protected right to file grievances. This action is sufficient to support the chilling element and does not, as alleged, support a legitimate penological interest. Therefore, Plaintiff's claim is adequate for service with regards to Defendant Martinez.

However, Plaintiff fails to state a cognizable claim that the remaining defendants either personally intercepted or directed correctional officers to intercept Plaintiff's medical complaint. Although Plaintiff supports allegations against Defendant Martinez, he alleges no specific facts regarding the remaining Defendants. Thus, Plaintiff's claim is insufficient for service as to his claim against Defendants Buckman, Hilliard, and Morgan.

**B.   Eighth Amendment -- Deliberate Indifference to Mental Health Claim**

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts

of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." See id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical

treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, Plaintiff's allegations are insufficient for service as to his claim that Defendants were deliberately indifferent to his mental health needs. While the court recognizes the deliberate indifference standard applies to mental health, Plaintiff has not shown Defendants' decision to limit one-on-one and group therapy sessions indicated Defendants were deliberately indifferent to his mental well-being. Plaintiff alleges no facts to support the cell-side sessions posed a risk of serious injury or would lead to unnecessary and wanton infliction of pain or emotional distress. Although Plaintiff alleges he has received no mental health services, Defendants did not completely deny Plaintiff all forms of mental health treatment. Therefore, Plaintiff has not established Defendants' conduct, as opposed to Plaintiff's own refusal of cell-side sessions, is responsible for his alleged recent lack of treatment. In sum, while Plaintiff did not receive the mental health treatment he would have preferred, the allegations in the complaint establish he nonetheless had access to mental health treatment.

Plaintiff will be permitted to provide further facts to support his Eighth Amendment claim. The amended complaint must demonstrate how only offering cell-side sessions inadequately addressed Plaintiff's mental health needs. Furthermore, to the extent that the lack of one-on-one and group therapy sessions placed Plaintiff at risk of injury or harm, he must establish Defendants were indifferent to this risk.

///

///

///

7

## III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated: June 20, 2019

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE